UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-7051-GW-RAOx | Date | October 8, 2019 |
| Title | *Melinda Ignacio v. Kaled Abou El Fadl, et al.* | Page | 1 of 3 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings: IN CHAMBERS – ORDER GRANTING THE MOTION TO REMAND**

Plaintiff Melinda Ignacio filed a lawsuit in state court against Khaled Abou El Fadl ("El Fadl"), Grace Song ("Song"), and Does 1 through 20, inclusive (collectively "Defendants"), alleging: (1) sex discrimination − hostile work environment, Cal. Gov. Code § 12940(a) & (j); (2) failure to prevent sexual harassment, Cal. Gov. Code § 12940(k); (3) constructive discharge in violation of public policy; (4) intentional infliction of emotional distress; (5) sexual battery, Cal. Civ. Code § 1708.5; (6) gender violence, Cal Civ. Code § 52.4; (7) general negligence; (8) failure to pay overtime, Cal. Lab. Code §§ 510 & 1194; Cal. Code Regs. 8 § 11150; (9) failure to pay overtime, Fair Labor Standards Act ("FLSA"), 9 U.S.C. §§ 207 & 216; (10) failure to pay minimum wage, Cal. Lab. Code §§ 1194, 1194.2, 1197; Cal. Code Regs. 8 § 11150; (11) failure to pay wages for missed meal periods, Cal. Lab. Code §§ 226.7 & 512; Cal. Code Regs. 8§ 11150; (12) failure to pay wages for missed rest periods, Cal. Lab. Code § 226.7; Cal. Code Regs. 8§ 11150; (13) waiting time penalties, Cal. Lab Code §§ 201 & 203; (14) wrongful conversion, Cal. Civ. Code §§ 3336 & 3294; and (15) unfair competition, Cal. Bus. & Prof. Code §§ 17200 *et seq*. *See generally* Complaint, Docket No. 1-2. Defendants removed the case to this Court solely on the basis of federal question jurisdiction. *See* Defendants' Notice to Federal Court of Removal of Civil Action from State Court ("NoR"), Docket No. 1. Thereafter, Plaintiff filed an amended complaint which omitted the only federal claim in the case, *i.e.* the FLSA cause of action. *See* First Amended Complaint ("FAC"), Docket No. 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 19-7051-GW-RAOx** | Date | October 8, 2019 |
|---|---|---|---|
| Title | ***Melinda Ignacio v. Kaled Abou El Fadl, et al.*** | Page | 2 of 3 |

Before the Court is Plaintiff's motion to remand. *See* Memorandum of Points and Authorities in Support of Plaintiff's Motion for Remand ("MFR"), Docket No. 13-1. Defendants filed an opposition. *See* Defendants' Opposition to Plaintiff's Motion to Remand ("Opp."), Docket No. 15. Plaintiff filed a reply. *See* Plaintiff's Reply Memorandum in Support of Motion for Remand ("Reply"), Docket No. 17.

Plaintiff argues that the Court should exercise its discretion to remand the case to state court, given that Plaintiff promptly dismissed of the sole federal cause of action in this case following removal. *See generally* MFR. Defendants argue that the case was properly removed to federal court, and that the Court should exercise supplemental jurisdiction over the state law claims remaining in this action in the interests of judicial economy and public policy. *See generally* Opp.

Federal question jurisdiction is determined based on the pleadings at the time of removal, and therefore, Plaintiff's amendment of the complaint does not *require* the Court to remand the remaining state law claims. *See Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003). The exercise of supplemental jurisdiction, however, is discretionary, not a matter of right. *See* 28 U.S.C. § 1367(c); *Smith v. Lenches,* 263 F.3d 972, 977 (9th Cir.2001) ("While 28 U.S.C. § 1367 grants federal courts supplemental jurisdiction, the United States Supreme Court has held that district courts may decline to exercise jurisdiction over supplemental state law claims in the interest of judicial economy, convenience, fairness and comity . . . These rules make clear that the district court had discretion to decline to exercise jurisdiction on the state law claims"). Moreover, it is well established that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

The Court would find that the interests of judicial economy are served by declining to exercise supplemental jurisdiction over this case. Even prior to amendment, state law claims

clearly predominated this litigation, comprising fourteen of the fifteen causes of action. *See generally* Complaint. Moreover, the sole federal cause of action was voluntarily dismissed within weeks of removal. *See* Docket No. 12. Defendants argue that remand is not appropriate because the dismissal of the federal cause of action was "manipulative" forum shopping. *See* Opp. at 5. However, the Ninth Circuit "has recognized that there is nothing improper about a plaintiff asserting federal claims in state court, and then, if the defendant removes the case on the basis of a federal question, voluntarily dismissing the federal claims and moving to remand 'with all due speed.'" *Mackey v. Washington Mutual Bank F.A.*, Case No. CV-18-9048-PSG-(FFMx), 2019 WL 468804, * 2 (C.D. Cal. Feb. 6, 2019) (quoting *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995)). Defendants also argue that "there has already been substantial time and resources expended on this matter, resulting in needless burden on the Defendants," and thus the case should remain in federal court. The Court is not persuaded by this argument. This case was filed in state court on May 20, 2019,[1] and removed to federal court on August 13, 2019. The Defendants filed an answer to the complaint in state court on the same date that they removed the case to federal court. *See* Docket No. 1-11. In this matter in federal court, the Defendants have only filed an answer to the FAC (*see* Docket No. 14), and have met and conferred on a single occasion. Those efforts on the Defendants' part do not persuade the Court that judicial economy weighs in favor of exercising supplemental jurisdiction. Finally, it is noted that there are currently nine vacancies (about 30%) in this federal district.

      Given the foregoing, the Court will grant Plaintiff's motion and remand this case forthwith to the Superior Court of California, County of Los Angeles, for further proceedings. The Court finds that oral argument would not be helpful as to the motion and hence the hearing now set for October 10, 2019, is taken off-calendar. *See* C.D. Cal. Local Rule 7-15.

---

[1] The NoR asserts that the complaint was filed on March 20, 2019. *See* Docket No. 1 at 3. However, the attached complaint clearly indicates that it was filed on May 20, 2019. *See* Docket No. 1-2.